**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAYMOND HAYWOOD,

    Plaintiff,

v.

CORRECTIONAL OFFICER FRI, et al.,

    Defendants.

Case No. 1:18-cv-361

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 24, 2018, Plaintiff, currently an inmate at the Southern Ohio Correctional Facility, initiated this action, alleging violations of his constitutional rights by prison officials. On December 16, 2019, Defendants filed a motion for summary judgment (doc. 36). This motion, if granted, would be dispositive of all of Plaintiff's claims against the Defendants. Plaintiff failed to file any timely response.

Thereafter, on January 23, 2020, the undersigned ordered Plaintiff to "show cause" on or before February 18, 2020 why the Defendants' motion for summary judgment should not be construed as unopposed and granted for the reasons stated. (Doc. 39). Plaintiff did not timely comply with the Courts' Order and has not filed any response to Defendants' motion for summary judgment.

Plaintiff failed to comply with the Court's most recent "show cause" order. The Defendants' unopposed motion for summary judgment has now been pending for six months. The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendants, they are entitled to judgment as a matter of law because: (1) Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"); (2) Defendants are entitled to qualified immunity because they acted reasonably under the circumstances; and (3) Plaintiff failed to provide any evidence that his constitutional rights were violated. Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his failure to protect claim under the Eight Amendment, and that they are each entitled to qualified immunity in their respective individual capacities.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendants' motion be granted.

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 36) be **GRANTED** for the reasons stated and alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be **CLOSED.**[1]

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Also before the Court is Defendants' motion to dismiss for lack of prosecution. Consistent with this Report and Recommendation Defendants' motion to dismiss (Doc.40) should be **DENIED as MOOT.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAYMOND HAYWOOD,

      Plaintiff,

v.

CORRECTIONAL OFFICER FRI, et al.,

      Defendants.

Case No. 1:18-cv-361

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).